9 So.3d 40 (2009)
M.B., a Child, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 5D08-598.
District Court of Appeal of Florida, Fifth District.
March 6, 2009.
James S. Purdy, Public Defender, and Michael Olshefski and Kathryn Rollison Radtke, Assistant Public Defenders, Daytona Beach, for Appellant/Cross-Appellee.
Bill McCollum, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee/Cross-Appellant.
PER CURIAM.
M.B., a juvenile, appeals the trial court's commitment of him to a Level 6 residential program despite the Department of Juvenile Justice's recommendation that he be placed on probation. The State cross-appeals the trial court's order declaring sections 985.433(7)(a) and (b), Florida Statutes, unconstitutional. This Court has jurisdiction. Fla. R.App. P. 9.140(b)(1)(A) and 9.140(c)(1)(K).
We are unable to address the first issue because M.B. failed to preserve the issue in accordance with Florida Rule of Juvenile Procedure 8.135. I.B. v. State, 816 So.2d 230, 231 (Fla. 5th DCA 2002). As for the cross-appeal, the trial court held sections 985.433(7)(a) and (b) unconstitutional based on the separation of powers doctrine. The trial court reached this conclusion based on the premise that the statute places sentencing discretion solely within the province of the Department of Juvenile Justice.[1] We disagree and reverse. See § 985.433(7)(b), Fla. Stat. (2008) (stating court "may order placement at different restrictiveness level" than recommended by department where it provides reasons supported by preponderance of evidence).
*41 AFFIRMED IN PART; REVERSED IN PART.
PALMER, C.J., TORPY and EVANDER, JJ., concur.
NOTES
[1] Despite its finding that the statute was unconstitutional, the court gave nine grounds for departure, the merits of which we do not address on preservation grounds.